IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| MICHAEL PONS, ALVA PONS | : CIVIL ACTION |
| | : |
| v. | : NO. 25-2795 |
| | : |
| THE GREAT WOLF LODGE OF THE POCONOS, LLC, GREAT WOLF RESORTS HOLDINGS, INC., BLACKSTONE REAL ESTATE PARTNERS IX, BLACKSTONE, INC., CENTERBRIDGE PARTNERS, L.P., JOHN DOE 1, JOHN DOE 2, JOHN DOE 3, JOHN DOE 4 | : : : : : : : |

## ORDER

AND NOW, this 18th day of June 2025, upon reviewing the Complaint (ECF 1-1), Defendant Great Wolf Lodge of the Poconos, LLC's Second Amended Notice of removal (ECF 15) admitting we do not enjoy diversity jurisdiction but arguing Plaintiffs fraudulently joined Centerbridge Partners, L.P., and Plaintiff's Memorandum (ECF 21) detailing Plaintiffs' legitimate reasons for suing Centerbridge Partners, L.P., and for good cause as we do not today resolve issues of liability on contested facts regarding Centerbridge Partners, L.P.'s liability given some demonstrated interest in the Resort or potential third party liability, it is **ORDERED** the Clerk of Court shall **forthwith remand** this action to the Prothonotary of the Court of Commons Pleas of Philadelphia County and **close** this action in our Court.[1]

KEARNEY, J.

---

[1] New Jersey residents Michael and Alva Pons sued various corporate and John Doe Defendants in the Philadelphia Court of Common Pleas on April 14, 2025 alleging state law tort claims arising from tragic injuries after a visit to a Poconos water park. ECF 1-1. They sued, among others, Centerbridge Partners, L.P. *Id.* Defendant Great Wolf Lodge of the Poconos, LLC filed a notice of removal on May 30, 2025. ECF 1. The Notice of removal was deficient because it did not plead facts forming a basis for our diversity jurisdiction. We ordered Defendant Great Wolf Lodge of the Poconos, LLC to file an amended Notice of removal establishing the citizenship of each Defendant and our subject matter jurisdiction. ECF 7. Defendant Great Wolf Lodge of the Poconos, LLC filed a First Amended Notice of removal again declining to provide the citizenship of Defendant Centerbridge and instead arguing Centerbridge had no control over the resort and could not be liable as a matter of fact and law. ECF 11. We struck the First Amended Notice of removal as deficient and again ordered Defendant Great Wolf Lodge of the Poconos, LLC to file an amended Notice of removal establishing a basis for our subject matter jurisdiction and pleading the citizenship of each Defendant. ECF 14. Defendant Great Wolf Lodge of the Poconos, LLC filed a Second Amended Notice of removal on June 10, 2025 confirming Centerbridge Partners, L.P. is a New Jersey citizen, just like the Pons. ECF 15. Great Wolf Lodge of the Poconos, LLC argues the Pons fraudulently joined Centerbridge as a Defendant to avoid removal of the action and we should dismiss Centerbridge from the lawsuit to preserve our diversity jurisdiction. For the reasons detailed below, we decline to do so.

"Courts have an independent obligation to determine whether subject matter jurisdiction exists, even when no party challenges it." *Hertz Corp. v. Friend*, 559 U.S. 77, 94 (2010) (citation omitted). The burden is on the removing party to establish federal jurisdiction. *Frederico v. Home Depot*, 507 F.3d 188, 193 (3d Cir. 2007); *see also Deutsche Bank Nat'l Trust Co. v. Harding*, 655 F. App'x 113, 115 (3d Cir. 2016) (citing *Frederico*, "the party asserting federal jurisdiction in a removal case bears the burden of showing, at all stages of the litigation, that the case is properly before the federal court."). Removal statutes are strictly construed, with all doubts resolved in favor of remand. *MHA LLC v. HealthFirst, Inc.*, 629 F. App'x 409, 411 n. 3 (3d Cir. 2015) (quoting *Brown v. Jevic*, 575 F.3d 322, 326 (3d Cir. 2009)).

We enjoy subject matter jurisdiction over controversies involving more than $75,000 "between citizens of different States." 28 U.S.C. § 1332(a)(1). "Complete diversity requires that, in cases with multiple plaintiffs or multiple defendants, no plaintiff be a citizen of the same state as any defendant." *Zambelli Fireworks Mfg. Co., Inc. v. Wood*, 592 F.3d 412, 419 (3d Cir. 2010) (citing *Exxon Mobil Corp. v. Allapattah Servs., Inc.*, 545 U.S. 546, 553 (2005)).

A "natural person" is a citizen of the state where he is domiciled for purposes of diversity jurisdiction. *Peace Church Risk Retention Grp. v. Johnson Controls Fire Prot. LP*, 49 F.4th 866, 870 (3d Cir. 2022) (quoting *Zambelli Fireworks Mfg. Co. v. Wood*, 592 F.3d 412, 420 (3d Cir. 2010)). The Pons are citizens of New Jersey. ECF 15 at 6. The citizenship of a limited partnership is the citizenship of all its partners including its limited partners for purposes of diversity. *Peace Church Risk Retention Grp. v. Johnson Controls Fire Protection LP*, 49 F.4th 866, 870 (3d Cir. 2022) (citing *Carden v. Arkoma Assocs.*, 494 U.S. 185, 195–96 (1990)). "[C]ertain of the partners of Centerbridge Partners, L.P. are citizens of New Jersey. Thus, Centerbridge is, at minimum, a citizen of New Jersey." ECF 15 at 7.

Defendant Great Wolf Lodge of the Poconos, LLC finally acknowledges we do not enjoy diversity jurisdiction but it argues we must disregard Centerbridge's citizenship and dismiss it from the action because the Pons fraudulently joined Centerbridge. *Id.* at 7–9. More specifically, it argues "Centerbridge has no ownership, equity, management, or any other interest whatsoever in any Great Wolf Lodge entity, including Great Wolf Lodge – Poconos." *Id.* ¶ 37. Defendant Great Wolf Lodge of the Poconos, LLC argues the Pons do not plead a claim against Centerbridge because they do not plead Centerbridge was directly responsible for the water quality at the waterpark and therefore the Pons' negligence and loss of consortium claims fail. *Id.* at 10.

The Pons counter they state a colorable claim against Centerbridge under Pennsylvania law and therefore we lack subject matter jurisdiction and the matter should be remanded. ECF 21. More specifically, the Pons swear:

- "Currently, Centerbridge owns 35% of Great Wolf Resorts, Inc." *Id.* at 1–2.

- "In 2015, Centerbridge acquired Removing Defendant Great Wolf Resorts, Inc." *Id.* at 2. Great Wolf Lodge announced the acquisition itself and highlighted Centerbridge's "world class management teams." *Id.*

- "In 2019, Centerbridge entered a $2.9 billion joint venture with Defendant Blackstone, Inc." *Id.* "In the joint venture, Centerbridge retained a 35% ownership interest in Great Wolf Resorts, Inc." *Id.*

- "In 2022, the Global Head of Real Estate for Centerbridge commented on Great Wolf Resorts, Inc.'s appointment of CEO John Murphy and said Centerbridge was 'thrilled to partner with Murph as we continue to invest in enhancing the Great Wolf experience at our existing lodges, and expand our reach through the development of new resorts and with Great Wolf Entertainment.'" *Id.*

- "In October 2023, Great Wolf Resorts, Inc. announced that a resort-wide transformation of Great Wolf Lodge of the Poconos was complete." *Id.* "The massive expansion included a 40,000 square foot extension of the indoor water park." *Id.* "A $125 million investment from Centerbridge Partners and Blackstone made the project possible." *Id.*

The Pons further argue Defendant Great Wolf Lodge of the Poconos, LLC's argument "conflates a factual dispute about Centerbridge's level of control with a jurisdictional issue." *Id.* at 5. They argue they "named Centerbride [sic] as a Defendant due to its ownership, operation, control, and management of Removing Defendant and Great Wolf Lodge of the Poconos, LLC." *Id.*

"The doctrine of fraudulent joinder represents an exception to the requirement that removal be predicated solely upon complete diversity. * * * In a suit with named defendants who are not of diverse citizenship from the plaintiff, the diverse defendant may still remove the action if it can establish that the non-diverse defendants were 'fraudulently' named or joined solely to defeat diversity jurisdiction." *In re Briscoe*, 448 F.3d 201, 215–16 (3d Cir. 2006) (citing *Triggs v. John Crump Toyota, Inc.*, 154 F.3d 1284, 1287 (11th Cir. 1998)). Our Court of Appeals instructs, however, we must apply a very high bar for showing fraudulent joinder:

3

> Joinder is fraudulent where there is no reasonable basis in fact or colorable ground supporting the claim against the joined defendant, or no real intention in good faith to prosecute the action against the defendants or seek a joint judgment. But, if there is even a possibility that a state court would find that the complaint states a cause of action against any one of the resident defendants, the federal court must find that joinder was proper and remand the case to state court....
>
> In evaluating the alleged fraud, the district court must focus on the plaintiff's complaint at the time the petition for removal was filed. In so ruling, the district court must assume as true all factual allegations of the complaint. It also must resolve any uncertainties as to the current state of controlling substantive law in favor of the plaintiff.

*Id.* at 217 (quoting *Batoff v. State Farm Ins. Co.*, 977 F.2d 848, 851–52 (3d Cir. 1992)). "When deciding whether a claim is colorable in a fraudulent joinder analysis, the court need not determine whether the claim would survive a motion to dismiss." *Purnell v. GoodLeap, LLC*, No. 22-2773, 2023 WL 2761131, at *3 (E.D. Pa. Mar. 31, 2023) (citing *Briscoe*, 448 F.3d at 217).

The Pons met this standard by presenting at least a colorable negligence claim against the non-diverse Centerbridge because Pennsylvania law allows suits for corporate liability and third party liability for negligence. ECF 21 at 5–6. We find no basis find fraudulent joinder at this stage. Should Defendants persuade the state court to dismiss non-diverse Defendants, remaining Defendants could again remove within thirty days. 28 U.S.C. § 1446 ("[I]f the case stated by the initial pleading is not removable, a notice of removal may be filed within 30 days after receipt by the defendant, through service or otherwise, of a copy of an amended pleading, motion, order or other paper from which it may first be ascertained that the case is one which is or has become removable.").

We remand this matter to state court for lack of subject matter jurisdiction.